UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO.: 2:14-CV-287 |
| ) | |
| BRIAN SNOW, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

This "Petition to Enforce Internal Revenue Service Summons" came before the Court on December 15, 2014, for a show cause hearing for the Respondent, Brian Snow, to show cause why he should not be compelled to obey the Internal Revenue Service ("IRS") summons served upon him on December 19, 2013, which required him to give testimony to the IRS as well as produce and permit the copying of all documents responsive to the requests set forth in the summons.

To establish a prima facie case for enforcement, the government relied on the previously submitted affidavit of Revenue Officer Mark S. Schilling who issued the summons and who is seeking enforcement.[1] As required by *United States v. Powell*, 379 U.S. 48 (1964), this affidavit clearly establishes a prima facie case for enforcement because it establishes:

---

[1] The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement. *United States v. Will*, 671 F.2d 963, 966 -967 (6th Cir. 1982), citing *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3rd Cir. 1979).

1

(1) the investigation for which the summons was issued has a legitimate purpose, that is, to investigate the tax liability for Brian Snow for the tax years of 2000-2008;

(2) the summoned materials are relevant to that investigation;

(3) the information sought is not already within the IRS's possession; and

(4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603.

This affidavit also shows that there is no Justice Department referral in effect within the meaning of 26 U.S.C. §7602 with respect to the Respondent which would prevent the enforcement of the summons. *United States v. LaSalle National Bank*, 437 U.S. 298, 318 (1978).

Once this showing is made, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process. "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58. The Respondent chose to offer no further proof and chose to rely on the affidavits he submitted, which are largely nonsensical.

Specifically, the Respondent denies that he is a United States Citizen, that he resides in any Federal Territory or Federal Zone, and that he is subject to the jurisdiction of the United States. This argument has been addressed by the Sixth Circuit Court of Appeals in *United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994), in which the Court concluded:

> On the merits, defendant argues that the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any "federal zone" and is therefore not subject to federal income tax laws. This argument is completely without merit and patently frivolous.

2

In addition, the Respondent repeatedly identifies himself as "Beneficiary of: Brian L Snow, Public Trust" and "Grantor Beneficiary." In open court, the Respondent announced that he was no longer a beneficiary. These obtuse references to a trust also fail to establish any abuse of the court's process. The taxation of trusts is controlled by substance rather than form and renaming a transaction a "public trust" cannot avoid taxation. See *Zmuda v. Comm'r of IRS*, 731 F.2d 1417, 1421 (9th Cir.1984) (stating "[a]lthough the taxpayer may structure a transaction so that it satisfies the formal requirements of the Internal Revenue Code, the [IRS] Commissioner may deny legal effect to a transaction if its sole purpose is to evade taxation.").

Reviewing this record as a whole, the Respondent did not meet his burden of showing that enforcement of summons would be an abuse of process or that the summons was issued in bad faith or for purposes of harassment. Accordingly, the summons will be enforced, and it is hereby **ORDERED** that the Respondent appear in open court before the undersigned at 9:00 a.m. on Wednesday, January 14, 2015, and that he bring the items set out in the summons as well as be prepared to give testimony to the IRS.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE