UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

THE UNITED STATES OF AMERICA,  )
          Petitioner,  )
            )
v.  )        No: 2:14-CV-287
            )
BRIAN SNOW,  )
Respondent.  )

## MEMORANDUM AND ORDER

This matter was initiated by the filing by the United States of a "Petition To Enforce IRS Summons," [Doc. 1]. An order was entered directing the respondent, Brian Snow ["respondent"] to appear and show cause why he should not be compelled to obey the IRS summons requiring him to appear before an IRS officer and give testimony and produce documents related to respondent's potential tax liability for various calendar periods described in the summons. [Doc. 3]. Respondent filed responses to the show cause order, [Docs. 4, 5], which, although somewhat rambling and incoherent, appear to challenge the authority of the IRS and the Court.

A show cause hearing was held on December 15, 2014, [Docs. 9, 11]. At the December 15 hearing, respondent was advised of the serious nature of the proceeding and confirmed that he was representing himself, despite the fact that he could ultimately be held in civil contempt and imprisoned, [Doc. 11 at 2, 3]. After orally finding that the United States had met its burden of establishing a *prima facie* case for enforcement of the summons, [*id*. at 4, 5], the Court provided petitioner with an opportunity to submit any proof or argument on his behalf. Respondent confirmed his position that the federal government had no jurisdiction over him and stood on his responses already filed. [*Id*. at 7]. The Court orally announced that, although a written memorandum was to be entered, the Court would order respondent to "appear on a date certain to

1

comply with the summons." Due to the unusual and recalcitrant nature of response of respondent, he was ordered to appear before the Court on January 14, 2015, to comply with the summons. [*Id*. at 8-10]. The Court's memorandum was entered on December 17, 2014. [Doc. 10].

The January 14 appearance was continued at the request of respondent and over the objection of the United States in hope that respondent would obtain counsel to represent him. Respondent appeared on February 2, 2015, without counsel and generally refused to answer the Court's questions about whether he was represented by counsel and whether he was prepared to comply with the summons, other than to contend that he had produced some documents to the IRS, something the government's attorney disputed. The Court thereupon found that respondent had refused to comply with the Court's order without cause or justification. The United States then moved orally that respondent be held in civil contempt. After consideration, the Court granted the motion of the United States and ordered that respondent be taken into custody by the United States Marshal to be held until he complies with the Court's order. This memorandum and order confirm and supplement the Court's oral pronouncements.

The source of the Court's authority for civil contempt sanctions is derived from the "inherent power" of courts to enforce compliance with their lawful orders, *Shillitani v. United States*, 384 U.S. 364, 370 (1969), as well as the statutory authority granted by 18 U.S.C. § 401 and 28 U.S.C. § 1826. Both civil and criminal contempt proceedings may be brought under § 401, *In Re Jaques*, 761 F.2d 302, 305 (6th Cir. 1985). Section 401 grants the Court the authority to punish contempt of its authority for, among other things, "[d]isobedience . . . to its lawful . . . order, . . . or command." 18 U.S.C. § 401(3). Section 1826 provides, in relevant part:

> **(a)** Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document,

> record, recording or other material, the court, upon such refusal, or
> when such refusal is duly brought to its attention, may summarily
> order his confinement at a suitable place until such time as the
> witness is willing to give such testimony or provide such
> information.

28 U.S.C. § 1826(a).

These contempt powers extend to compelling compliance with an IRS summons, 26 U.S.C. § 7604, and are "liberally construed." *United States v. Widelski*, 452 F.2d 1, 4 (6th Cir. 1971) (citing *Falsone v. United States*, 205 F.2d 734, 742 (5th Cir.), *cert. denied*, 346 U.S. 864 (1953)). Where the court has enforced an administrative summons issued by the IRS, as it has here, and the respondent fails to comply, as respondent has done here, the IRS may apply to the court "for an attachment against [a respondent] as for a contempt." 26 U.S.C. § 7604(b). The court has "the power to make such order as [it] shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience." *Id. See also Shillitani*, 384 U.S. at 370; *United States v. Riewe*, 676 F.2d 418, 420 (10th Cir. 1982).

The United States, as set forth above, has moved for an order holding the respondent in civil contempt and seeks a conditional sanction which would be removed when respondent purges himself of the contempt. A party seeking a contempt order must prove by clear and convincing evidence that the respondent has violated the court's order. *United States v. Stefanopoulous*, 1987 WL 36054, at * 2 (6th Cir. 1987) (citations omitted). The government has met that burden here. If the court has already determined that the IRS summons is valid and should be enforced, the respondent may not justify his contempt for the court's order by simply presenting the same legal or factual arguments raised to challenge the summons in the first place. *Stefanopoulous*, 1987 WL 36054, at * 2-3. Respondent here has mostly made the same arguments he raised when the

3

government petitioned the Court to enforce the summons, *i.e.*, that the Court lacks jurisdiction and neither the Court nor the IRS has authority over him to enforce the summons. The Court has considered and rejected that argument and sees no reason to reconsider it now.

The respondent has also invoked the Fourth Amendment search and seizure protections; however, the Court holds that the Fourth Amendment has no application to an IRS summons enforcement action, because enforcement of the summons does not involve a search or seizure and probable cause is not required. *See United States v. Bisceglia*, 420 U.S. 141, 145 (1975); *United States v. Powell*, 379 U.S. 48, 57 (1964). *See also United States v. Vanderzand*, 1997 WL 572692, at * 6 (W.D. Mich. 1997).

The Court next considered, *sua sponte*, whether the compelled production of the respondent's personal documents or his testimony violates his Fifth Amendment rights. Generally, the Fifth Amendment privilege against self-incrimination, which protects against incriminating testimony, offers no basis for refusing to comply with a summons that seeks the production of documents. *Fisher v. United States*, 425 U.S. 391, 410 (1976). The Fifth Amendment may, however "protect an individual from complying with a subpoena for the production of his personal records in his possession because the very act of production may constitute a compulsory authentication of incriminating information . . . ." *Andresen v. Maryland*, 427 U.S. 463, 473-74 (1976). "Thus, where the act of compelled production of personal records is tantamount to an incriminating testimonial communication, the Fifth Amendment offers protection against compliance with the summons." *United States v. Schlansky*, 709 F.2d 1079, 1083 (6th Cir. 1983), *cert. denied*, 465 U.S. 1099 (1984).

Fifth Amendment protection extends to refusal to produce documents in response to an IRS summons. *See United States v. Doe*, 465 U.S. 605, 612-13 (1984); *United States v. Grable*,

98 F.3d 251, 253 (6th Cir. 1996), *cert. denied*, 519 U.S. 1059 (1997).  Before a respondent may successfully assert the Fifth Amendment privilege to justify resisting an IRS summons, however, the prospect of criminal prosecution must be more than "trifling or imaginary."  *See Marchetti v. United States*, 390 U.S. 39, 53 (1968).  Respondent must show a substantial prospect of criminal prosecution.  *Vanderzand*, 1997 WL 572692, at * 6.  A respondent's Fifth Amendment argument will fail where the IRS did not issue the summons for an improper purpose, the IRS has not opened a criminal investigation, and the IRS has not abandoned its civil investigation.  *United States v. LaSalle National Bank*, 437 U.S. 298 (1978).  In this case, the government has stated that there is no justice department referral and this is uncontested by respondent.  Agent Shilling is conducting a civil investigation for a civil purpose.  Under these circumstances, the assertion of any Fifth Amendment privilege by respondent would not justify his failure to comply with the Court's order.

Furthermore, the "act of production" privilege applies only on a document-by-document basis, and the district court must individually review in camera any document to which a summoned party specifically objects.  *United States v. Dean*, 23 Fed. App'x, 448, 450, 2001 WL 1450685, at * 2 (6th Cir. 2001) (citing *Grable*, 98 F.3d at 257).  A respondent may not invoke the Fifth Amendment with only a general blanket assertion of Fifth Amendment privilege and without objection to a specific document.  *Dean*, 23 Fed. App'x at 450.  At the February 22 hearing, respondent was provided the opportunity by the Court to produce any documents for in camera review and he refused to answer the Court's inquiry.

The Court finds that respondent refused to obey this Court's lawful order without any just cause or justification and he is in civil contempt.  Consistent with its ruling from the bench, respondent is ordered to be taken into custody by the United States Marshal to be held until such

time as he complies with the Court's order.  The government is to notify the Court if and when respondent complies with the Court's order.

This matter came on for further hearing on March 2, 2015, at 9:00 a.m. pursuant to the directive of the Court that respondent be produced before the Court at that time.  The Court inquired of respondent as to whether or not he was now prepared to comply with the summons.  Respondent indicated to the Court that he was prepared to give the testimony required by the summons but did not have the requested documents in his possession and would need an opportunity to gather those documents.  It is, therefore, ORDERED that the United States Marshal produce the respondent on March 4, 2015, at the United States Attorney's Office at the James H. Quillen United States Courthouse in Greeneville for examination under oath by the IRS.  If respondent complies with the requirement of the summons that he give testimony, the Court will then order his release and will allow him a period of twenty (20) days, i.e. until March 24, 2015, to gather together and produce the requested documents.  The documents must be delivered to the United States Attorney's Office at the James H. Quillen Courthouse on or before that date.  After receipt of the documents, the Court will order further examination of the respondent upon application by the IRS.  The United States is ordered to notify the Court if and when respondent complies with the Court's order.

So ordered.

ENTER:


_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE